08-3685-ag
Kinaj-Gjuraj v. Holder

BIA
Lamb, IJ
A98 719 009

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:
>        ROSEMARY S. POOLER,
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>                 *Circuit Judges*.

_____

LIZABETH KINAJ-GJURAJ,
>        *Petitioner*,

>        v.                                    08-3685-ag
>                                              NAC
ERIC H. HOLDER, Jr., ATTORNEY GENERAL,[1]
>        *Respondent*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**       Andrew P. Johnson, New York, New York.

**FOR RESPONDENT:**       Michael F. Hertz, Acting Assistant Attorney General, Stephen J. Flynn, Assistant Director, Arthur L. Rabin, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lizabeth Kinaj-Gjuraj, a native and citizen of Albania, seeks review of a June 27, 2008 order of the BIA affirming the April 25, 2007 decision of Immigration Judge ("IJ") Elizabeth Lamb, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kinaj-Gjuraj*, No. A98 719 009 (B.I.A. Jun. 27, 2008), *aff'g* No. A98 719 009 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's

2

factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We decline to review Kinaj-Gjuraj's argument that she is eligible for asylum and withholding of removal when, as the Government asserts and the BIA noted in its decision, Kinaj-Gjuraj failed to raise before the BIA any challenge to the IJ's finding that her claim bore no nexus to a protected ground. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam) (holding that petitioners must raise to the BIA specific issues they later raise in this Court); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007) (stating that, while not a jurisdictional issue, this judicially imposed exhaustion requirement is mandatory and an "affirmative defense subject to waiver"). Because an applicant for asylum and withholding of removal must demonstrate that the persecution she suffered or fears is on account of her race, religion, nationality, political opinion, or particular social group, 8 U.S.C. §§ 1101(a)(42), 1231(b)(3), Kinaj-Gjuraj's failure to

3

exhaust is fatal to both her asylum and withholding of removal claims. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir. 2007) (finding that, where a petitioner fails to challenge a finding that constitutes a ground, in and of itself, on which an IJ's denial of relief was based, that failure to exhaust may be fatal to his petition for review).

Finally, we find no basis upon which to disturb the agency's finding that Kinaj-Gjuraj failed to show that the Albanian government would acquiesce in her torture at the hands of human traffickers. As the IJ observed, she never reported the alleged kidnapings to the police. Moreover, the country condition evidence she submitted did not constitute particularized evidence that Kinaj-Gjuraj will more likely than not be tortured if returned to Albania. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4